IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| EPICREALM LICENSING, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 2:07-CV-30-DF-CMC |
| | § | |
| | § | |
| VARIOUS, INC., | § | JURY DEMANDED |
| | § | |
| Defendants. | § | |

## ANSWER AND COUNTERCLAIMS OF DEFENDANT VARIOUS, INC.

Defendant Various, Inc. ("Various"), by counsel, answers the Complaint filed by Plaintiff epicRealm Licensing, L.L.C. ("epicRealm"), as follows:

### ANSWER

### I. Parties

1.  Various lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, and accordingly, denies the same.

2.  In response to Paragraph 2 of the Second Amended Complaint, Various admits that it is a California corporation with its principal place of business located on 445 Sherman Avenue, Suite T, Palo Alto, California 94306. Various also admits that it has done and continues to do business in the Eastern District and elsewhere in the State of Texas by entering into membership contracts with residents of the State of Texas regarding the use of its websites as a tool to make connections with other members and to find partners for dating, romance and friendship. Various also admits that it has not designated or maintained an agent for service of process in Texas. Various denies the remaining allegation of Paragraph 2 of the Complaint

regarding Section 17.044 of the Texas Civil Practice and Remedies Code because that allegation calls for a conclusion of law about the interpretation of a particular statute, and as such requires no answer from Various.

## II. Jurisdiction and Venue

3. In response to Paragraph 3 of the Complaint, Various admits that this action purports to assert an infringement of two United States patents and that as such, this Court has subject matter jurisdiction under 28 U.S.C. § 1338(a). Various denies the remaining allegations of Paragraph 3.

4. In response to Paragraph 4 of the Complaint, Various admits that it has done and continues to do business in the Eastern District of Texas by entering into membership contracts with residents within the District regarding the use of its websites as a tool to make connections with other members and to find partners for dating, romance and friendship. Various denies the remaining allegations of Paragraph 4 to the extent they purport to characterize its business activities and actions and to draw legal conclusions therefrom regarding the question of personal jurisdiction or venue.

## III. Patent Infringement

5. In response to Paragraph 5 of the Complaint, Various admits that Exhibit A purports to be a copy of United States Patent No. 5,894,554 (the "'554 patent"), which appears on its face to have issued on April 13, 1999. Various lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the issuance of the '554 patent was proper or legal, and accordingly, denies the same. Various also admits that Exhibit B purports to be a copy of United States Patent No. 6,415,335 B1 (the "'335 patent"), which appears on its face to have issued on July 2, 2002. Various lacks knowledge or information sufficient to form a belief as to

the truth of the allegation that the issuance of the '335 patent was proper or legal, and accordingly, denies the same. Various also admits that the '554 patent and the '335 patent on their face purportedly relate to inventions entitled "System for Managing Dynamic Web Page Generation Requests by Intercepting Request at Web Server and Routing to Page Server Thereby Releasing Web Server to Process Other Requests" and "System and Method for Managing Dynamic Web Page Generation Requests," respectively. Except as admitted above, Various denies the allegations of Paragraph 5 of the Complaint.

6. Various lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint, and accordingly, denies the same.

7. Various denies the allegations of Paragraph 7 of the Complaint.

8. Various denies the allegations of Paragraph 8 of the Complaint.

9. Various denies the allegations of Paragraph 9 of the Complaint.

10. Various denies the allegations of Paragraph 10 of the Complaint.

### IV. Jury Demand

11. Paragraph 11 of the Complaint requires no response from Various.

### AFFIRMATIVE DEFENSES

12. The Complaint fails to state a claim against Various for which relief can be granted.

13. On information and belief, Various does not infringe any claim of the '554 patent.

14. On information and belief and based on likely evidentiary support after a reasonable opportunity for further investigation and/or discovery, the '554 patent is invalid for failure to meet one or more requirements of patentability under 35 U.S.C. §§ 102, 103, 112,

and/or the judicial doctrine of double patenting; and no claim of the '554 patent can be validly construed to cover any Various product or service.

15. On information and belief, Various does not infringe any claim of the '335 patent.

16. On information and belief and based on likely evidentiary support after a reasonable opportunity for further investigation and/or discovery, the '335 patent is invalid for failure to meet one or more requirements of patentability under 35 U.S.C. §§ 102, 103, 112, and/or the judicial doctrine of double patenting; and no claim of the '335 patent can be validly construed to cover any Various product or service.

17. Various avers that any finding of willful infringement of the '554 patent or the '335 patent, based on an alleged failure to exercise due care, contravenes the Due Process Clause of the Fifth Amendment to the United States Constitution, and therefore cannot support an award of enhanced damages or attorneys' fees.

18. epicRealm's claims against Various are barred by the equitable doctrines of laches and waiver.

19. epicRealm's claims against Various are barred by the doctrines of prosecution disclaimer and prosecution history estoppel.

20. epicRealm's recovery of damages against Various for any infringement of the '554 patent, if proven, is limited by epicRealm's failure to comply with the marking requirement of 35 U.S.C. § 287(a) as to networked systems and computer program products claimed by the '554 patent.

21. The '554 and '335 patents' inventor, Keith Lowery ("Lowery"), and his attorneys committed acts constituting inequitable conduct during the prosecution of the patent application that issued as the '554 and '335 patents ("the '554 patent application" and "the '335 patent

application"), rendering the '554 and '335 patents unenforceable.  These acts of inequitable conduct include the failure to make the USPTO aware of highly material information and non-cumulative prior art, including Oracle web servers and related software such as Web Oracle Web (WOW) gateway ("Oracle web server related software"), known to Lowery and his attorneys prior to issuance of the '554 and '335 patents.  The facts and circumstances surrounding these acts of inequitable conduct include at least the following:

    a.  Upon information and belief, the Oracle web servers and related software was known to Lowery before April 23, 1996.  The '335 patent was filed January 19, 1999 and claims priority to the '554 patent filed April 23, 1996.

    b.  One or more of these prior art products, including the Oracle web server related software, and the features thereof, were highly material to the patentability of claims of the '554 and '335 patent applications.

    c.  The '554 and '335 patents' inventor, Lowery, and his attorneys failed to appropriately disclose the Oracle web server related software which is material and non-cumulative prior-art.

    d.  On information and belief, Lowery, and his attorneys, prior to the issuance of the '554 and '335 patents, were aware of the highly material Oracle web server related software.

    e.  On information and belief, Lowery, and his attorneys, prior to the issuance of the '554 and '335 patents, were aware that the Oracle web server related software, and the features thereof, were highly material to the patentability of claims of the '554 and '335 patent applications.

f. Despite this, Lowery, and his attorneys failed to cite any of the known, highly material prior art Oracle web server related software to the USPTO for review in consideration of the pending claims of the '554 and '335 patent applications. This prior art information was not otherwise before the patent examiner.

g. On information and belief, Lowery, and his attorneys withheld this highly material information with the intent to deceive the USPTO.

h. The prior art Oracle web server related software withheld by Lowery, and his attorneys, was far more material than any of the prior art cited in connection with the prosecution of the '554 and '335 patent applications.

i. The highly material prior art Oracle web server related software invalidates some or all of the claims of the '554 and '335 patents.

j. By withholding this information, Lowery and his attorneys breached their duty of candor and good faith to the USPTO.

Therefore, the '554 and '335 patents are unenforceable.

### COUNTERCLAIMS

In addition to its affirmative defenses, Various further asserts the following counterclaims against epicRealm:

22. Defendant and Counterclaimant Various is a California corporation with a principal place of business at 445 Sherman Avenue, Suite T, Palo Alto, California 94306.

23. As alleged in its Complaint, Plaintiff and Counterclaim-Defendant epicRealm is a Texas limited liability company with its principal place of business at 100 Crescent Court, Suite 700, Dallas, Texas 75201.

**Jurisdiction and Venue**

24. Various's counterclaims asserted herein comprise an action for declaratory judgment made pursuant to 28 U.S.C. § 2201 and 35 U.S.C. § 1, et seq. An actual controversy exists under the Declaratory Judgment Act because epicRealm has brought the present patent infringement action against Various, and Various is currently engaging in activities that epicRealm has accused in the Second Amended Complaint as being infringing. Subject matter jurisdiction exists under 28 U.S.C. § 1338(a) because this action arises under the patent laws of the United States.

25. epicRealm is subject to personal jurisdiction in this District because on information and belief, it has transacted business within this District.  Moreover, it has commenced a patent infringement action against Various and other companies in this Court, thereby purposefully availing itself of the protections of this Court.

26. Venue is proper in this District because a substantial part of the events giving rise to the claims occurred in this District and because epicRealm is deemed to reside in this District, as provided under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

**Count One – Declaratory Judgment of Noninfringement – '554 Patent**

27. Various incorporates by reference its allegations in paragraphs 1-26 above.

28. epicRealm asserts in this action that Various is infringing the '554 patent.

29. On information and belief, Various does not infringe any of the claims of the '554 patent.

30. Accordingly, Various seeks a judgment declaring that it does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, any claim of the '554 patent.

### Count Two – Declaratory Judgment of Invalidity – '554 Patent

31. Various incorporates by reference its allegations in paragraphs 1-30 above.

32. epicRealm asserts in this action that Various is infringing the '554 patent.

33. On information and belief and based on likely evidentiary support after a reasonable opportunity for further investigation and/or discovery, the '554 patent is invalid for failure to meet one or more requirements of patentability under 35 U.S.C. §§ 102, 103, 112, and/or the judicial doctrine of double patenting; and no claim of the '554 patent can be validly construed to cover any Various product or service.

34. Accordingly, Various seeks a judgment declaring that the '554 patent is invalid.

### Count Three - Declaratory Judgment of Noninfringement - '335 Patent

35. Various incorporates by reference its allegations in paragraphs 1-34 above.

36. epicRealm asserts in this action that Various is infringing the '335 patent.

37. On information and belief, Various does not infringe any of the claims of the '335 patent.

38. Accordingly, Various seeks a judgment declaring that it does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, any claim of the '335 patent.

### Count Four - Declaratory Judgment of Invalidity - '335 Patent

39. Various incorporates by reference its allegations in paragraphs 1-38 above.

40. epicRealm asserts in this action that Various is infringing the '335 patent.

41. On information and belief and based on likely evidentiary support after a reasonable opportunity for further investigation and/or discovery, the '335 patent is invalid for

failure to meet one or more requirements of patentability under 35 U.S.C. §§ 102, 103, 112, and/or the judicial doctrine of double patenting; and no claim of the '335 patent can be validly construed to cover any Various product or service.

      42.      Accordingly, Various seeks a judgment declaring that the '335 patent is invalid.

## **PRAYER FOR RELIEF**

WHEREFORE, Various prays for the following relief:

1. Dismissal of epicRealm's claims of patent infringement with prejudice;

2. Judgment against epicRealm declaring that the '554 patent is not infringed by Various;

3. Judgment against epicRealm declaring that the '554 patent is invalid;

4. Judgment against epicRealm declaring that the '335 patent is not infringed by Various;

5. Judgment against epicRealm declaring that the '335 patent is invalid;

6. A declaration that Various's defenses and counterclaims present an exceptional case entitling it to, and therefore awarding, its reasonable attorney's fees under 35 U.S.C. § 285;

7. Award of costs to Various; and

8. Award to Various such other relief as the Court deems just and reasonable.

-11-

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Various requests trial by jury on all issues so triable, including without limitation, epicRealm's claims and Various's defenses and counterclaims.

                Respectfully submitted,

                */s/ Eric M. Albritton*
                Eric M. Albritton
                Texas Bar No. 00790215
                ALBRITTON LAW FIRM
                P.O. Box 2649
                Longview, TX 75606
                903.757.8449
                903.758.7397 (facsimile)
                ema@emafirm.com

                Otto O. Lee
                INTELLECTUAL PROPERTY LAW
                GROUP LLP
                12 South First Street, 12th Floor
                San Jose, CA 95113
                408.286.8933
                408.286.8932 (facsimile)
                olee@iplg.com

                ATTORNEYS FOR DEFENDANT
                VARIOUS, INC

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 19th day of May, 2007.

_____
Eric M. Albritton